**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4754**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STANLEY CHESTER WEBER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, District Judge.  (5:11-cr-00227-MBS-1)

———————

Submitted:  July 13, 2012        Decided:  August 23, 2012

———————

Before WILKINSON, KING, and DIAZ, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

John M. Ervin, III, Darlington, South Carolina, for Appellant. William N. Nettles, United States Attorney, Winston D. Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Chester Weber pled guilty pursuant to a plea agreement to one count of knowingly and willfully making a threat to take the life of, to kidnap, and to inflict bodily harm upon the President of the United States, in violation of 18 U.S.C. § 871 (2006), and was sentenced to twelve months and one day in prison. On appeal, Weber's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he reviewed the record and "concluded that the appeal presents no legally non-frivolous questions." Counsel nonetheless set forth as two possible issues whether: (1) the district court fully complied with Fed. R. Crim. P. 11 when it accepted Weber's guilty plea; and (2) the district court's sentence was reasonable. Weber did not file a pro se supplemental brief, although informed of his right to do so. The government elected not to file a response to the Anders brief.

Because the government did not invoke the appeal waiver, this court conducted an Anders review in accordance with circuit precedent.[1] Following this review, we sought

---

[1] United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review.").

supplemental briefing from the parties on a sentencing issue pursuant to Tapia v. United States, 131 S. Ct. 2382 (2011). Weber filed a supplemental brief, arguing that his sentence violated Tapia. The government responded, arguing that the district court did not violate Tapia when it imposed Weber's sentence and that, even if it did, the doctrine of invited error would apply. The government also moved to dismiss the appeal based on the appeal waiver in Weber's plea agreement.[2] Weber responded to the government's motion to dismiss, arguing that whether the district court committed plain error in sentencing is beyond the scope of the waiver because he could not have foreseen the potential for sentencing error.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). An appeal waiver is generally considered to be knowing and intelligent if the district court specifically questioned the defendant concerning the waiver provision during the Rule 11 colloquy and the record

---

[2] We recognize that our precedent and local rules allow the government to defer invoking an appeal waiver. See Poindexter, 492 F.3d at 270; 4th Cir. R. 27(f)(stating that "[m]otions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court or for other procedural grounds may be filed at any time."). Here, however, the government's last-minute invocation of the waiver has resulted in a substantial expenditure of time and resources on an issue that the government now urges we not resolve on the merits.

indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). This court will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Id. (citing United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994)).

Weber's plea agreement contained a broad waiver of his right to challenge his conviction and sentence on appeal, except for claims of prosecutorial misconduct or ineffective assistance of counsel. On appeal, Weber does not challenge the voluntariness of his waiver, nor does the record support such a challenge. At the Rule 11 hearing, the government specifically highlighted the appeal waiver in its summary of the plea agreement, and the district court verified that Weber understood the agreement's terms and wished to plead guilty.

Accordingly, because Weber knowingly and voluntarily entered into the waiver and the government now seeks to enforce it, we dismiss Weber's appeal as to the claims raised in the Anders brief and supplemental brief, which are clearly within the waiver's scope.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and have found no unwaived and meritorious issues. We therefore affirm the district court's judgment, in part.

This court requires that counsel inform Weber in writing of his right to petition the Supreme Court of the United States for further review. If Weber requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Weber. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>